IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BENJAMIN CARTER,

    **Plaintiff,**

**v.**                                                                              Civil Action No. 3:24cv136

**KEVIN McCOY,** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Plaintiff's failure to timely serve Defendants Daugherty, Smith, Boone, and Cooley.

Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff had 90 (ninety) days to serve Defendants. Here, that period commenced on September 24, 2024. More than ninety days elapsed, and Plaintiff has not served Defendants Daugherty, Smith, Boone, and Cooley. Accordingly, by Memorandum Order entered on January 21, 2025, the Court directed Plaintiff to show good cause for his failure to timely serve Defendants Daugherty, Smith, Boone, and Cooley within twenty (20) days of the date of entry hereof. (ECF No. 39.) More than twenty (20) days have elapsed, and Plaintiff has not responded.

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Plaintiff fails to show that he made such efforts. Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court must grant the extension"). Here, however, the Court is unpersuaded that the circumstances warrant a discretionary extension. Accordingly, all claims against Defendants Daugherty, Smith, Boone, and Cooley will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 02/24/2025
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge